IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANGELA HAYNES, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:22-CV-2499-N |
| § | |
| PRINCIPAL LIFE § | |
| INSURANCE COMPANY, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff Angela Haynes's Trial Brief for Judgment on the Record [15] and Defendant Principal Life Insurance Company's ("Principal Life") Trial Brief for Judgment on the Record [14]. Because the preponderance of the evidence shows that Haynes is disabled under the definition in the insurance policy at issue, the Court grants judgment on the record in favor of Haynes.

### I. ORIGINS OF THE MOTION

This case arises out of an insurance benefit dispute between Plaintiff Angela Haynes and Defendant Principal Life Insurance Company ("Principal Life"). Principal Life issued a disability insurance policy to Haynes's former employer, the Bill Martensen Insurance Agency, providing coverage to the company's employees (the "Policy"). AR 1-56.[1] While employed at the Bill Martensen Insurance Agency, Haynes began experiencing symptoms

---

[1] Citations to the Administrative Record submitted to the Court [11] and used by both Plaintiff Angela Haynes and Defendant Principal Life Insurance Co. in their trial briefs are cited in this order as "AR" followed by the page or pages to which reference is made.

MEMORANDUM OPINION AND ORDER – PAGE 1

such as weakness, pain, and fatigue. AR 827. Haynes sought and was granted short-term disability benefits under the Policy. AR 3288-91. Principal Life later approved Haynes for long-term disability benefits. AR 3039-47. Principal Life then initiated a file review for Haynes. AR 3561-62. Principal Life's reviewing physician determined that Haynes could perform her occupation as an insurance agent even with her condition, and therefore she was not disabled under the Policy. AR 826-30. Haynes appealed and submitted additional documentation regarding her medical conditions and work restrictions. AR 831-44. After conducting an independent medical evaluation and third-party file review, Principal Life again determined that Haynes was not disabled under the meaning of the Policy. AR 1521-22, 1001-29. Haynes again objected, but Principal Life upheld its denial. AR 327-36. Haynes then filed the present action under the Employee Retirement Income Security Act of 1974 ("ERISA"). Pl.'s Complaint [1]. The parties submitted their trial briefs and an extensive administrative record for judgment on the record.

## II. LEGAL STANDARD

Federal courts have jurisdiction to review benefit determinations under ERISA. *See* 29 U.S.C. § 1132(a)(1)(B). ERISA "permits a person denied benefits under an employee benefit plan to challenge that denial in federal court." *Singletary v. United Parcel Service, Inc.*, 828 F.3d 342, 346 (5th Cir. 2016) (quoting *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 108 (2008)). When reviewing a denial of benefits made by an ERISA plan administrator, the Court applies a de novo standard of review, "unless the benefit plan gives the administrator . . . discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115

(1989). Benefit denial based on a factual determination is subject to de novo review. *Ariana M. v. Humana Health Plan of Texas, Inc.*, 884 F.3d 246, 256 (5th Cir. 2018). Under the de novo standard of review, the Court must "independently weigh the facts and opinions in the administrative record to determine whether the claimant has met his burden of showing that he is disabled within the meaning of the Policy." *Revels v. Standard Ins. Co.*, 504 F.Supp.3d 556, 560 (N.D. Tex. 2020) (quoting *Richards v. Hewlett-Packard Corp.*, 592 F.3d 232, 239 (1st Cir. 2010)).

### III. THE COURT FINDS THAT HAYNES IS DISABLED UNDER THE POLICY

Principal Life denied long-term disability coverage to Haynes because it determined on review that Haynes was not disabled under the definition in the Policy. The Fifth Circuit has held that the reviewing court should review solely the specific grounds for a termination of benefits. *Robinson v. Aetna Life Ins. Co.*, 443 F.3d 389, 394 (5th Cir. 2006). Accordingly, the sole issue under review by this Court is whether Haynes is disabled under the definition in the Policy. The Court finds that she is.

The preponderance of the evidence supports the finding that Haynes is disabled under the meaning of the Policy. The Policy states: "A Member will be considered Disabled if, solely and directly because of sickness, injury, or pregnancy . . . [t]he Member cannot perform the majority of the Substantial and Material Duties of his or her own occupation." AR 105-06. According to the Employer Statement of Haynes's employer, the physical requirements of her position as an insurance agent are "continuous keyboarding, occasional fine manipulation with her hands, occasional bending at waist level, and occasional reaching above shoulder level, at waist level, and below waist level."

MEMORANDUM OPINION AND ORDER – PAGE 3

AR 3370. Haynes argues that her conditions and their associated symptoms prevent her from being able to perform these actions, rendering her disabled under the terms of the Policy. The Court agrees and finds that Haynes is unable to perform the substantial and material duties of her occupation.

### A. The Reports of Haynes's Doctors Support the Finding That Haynes Is Disabled

Haynes provided a robust record of medical evidence containing findings of multiple doctors that she suffers from a chronic illness and experiences a variety of debilitating symptoms. The Court finds that this medical evidence shows that Haynes is unable to perform her occupation as an insurance agent and is therefore disabled within the meaning of the Policy.

The medical evidence of Haynes's doctors supports the finding that she has a chronic illness and associated symptoms. Haynes has been diagnosed with Ehlers-Danlos Syndrome ("EDS") by two doctors, including an EDS specialist. AR 3621, 2996; AR 2337-46. Haynes's EDS specialist, Dr. Posey, found that Haynes met all the criteria for an EDS diagnosis and for musculoskeletal complications of the illness. AR 1073-75. Haynes also provided extensive medical reports showing a variety of symptoms and other medical complications that she suffers due to her EDS. Dr. Elliott noted Haynes had symptoms of pain, fatigue, generalized and fluctuating weakness, and brain fog. AR 819. Haynes underwent a physical exam that showed evidence of diffuse muscle fatiguability and a muscle biopsy showing chronic neurogenic atrophy. AR 674, 709. The numerous tests ordered or conducted by Dr. Posey also revealed that Haynes experienced pain and numbness while reaching or stretching and suffered from osteoporosis. AR 954, 972.

MEMORANDUM OPINION AND ORDER – PAGE 4

Importantly, Haynes's doctors have opined that Haynes's condition renders her unable to perform the duties of her occupation. Dr. Uselton, Haynes's long-term treating physician, has stated that there is "no work" that Haynes could perform on a full-time basis. AR 836. Dr. Uselton specifically noted that fine manipulation and keyboarding are tasks that Haynes cannot perform for more than one third of the day. AR 836-38. These are tasks that Haynes would need to be capable of doing for long periods of time to maintain her present occupation, and in most, if not all, sedentary occupations.[2] Dr. Elliott also found that Haynes could not perform full-time sedentary work due to the fact that her symptoms were exacerbated whenever she worked for too long. AR 759.

While administrators are not required automatically to accord special weight to the opinions of a claimant's physician,[3] the Court finds that, even when accorded only ordinary weight, the opinions of Haynes's treating physicians are persuasive and indicate that she is unable to perform the requirements of her occupation. The record does contain evidence provided by Principal Life's independent physicians that Haynes is not disabled and is capable of performing work. However, the Court finds this evidence to be less convincing than Haynes's medical evidence. First, two of Principal Life's doctors — Dr. Hendricks and Dr. Wagner — never personally examined Haynes physically. While Principal Life is permitted to consider the findings of its reviewing physicians, the Court nonetheless finds

---

[2] A sedentary occupation is one that requires an employee to "exert[] up to 10 pounds of force occasionally" to "lift, carry, push, pull, or otherwise move objects including the human body." The Dictionary of Occupational Titles, AR 3388.
[3] *See Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 834 (2003).

MEMORANDUM OPINION AND ORDER – PAGE 5

these conclusions to be less persuasive than those of the physicians who actually physically examined and treated Haynes.

Although Dr. Elendu, the independent physician retained by Principal Life for a second opinion, did physically examine Haynes, the Court finds that the opinion stated by Dr. Elendu is less persuasive than the opinions of Haynes's treating physicians because the conclusion appears to be inconsistent with the findings noted in his report. Dr. Elendu concluded that "there is no evidence that [Haynes's condition] is affecting her functionality" and that Haynes is "grossly unremarkable." AR 924, 921-22. However, Dr. Elendu noted in his report that Haynes exhibited hypermobility and a range of motion "associated with complaints of pain." AR 921-23. This note indicates that Haynes's range of motion was limited by her pain level and that she exhibited higher-than-average flexibility that is usually associated with pain. Haynes also was not able to complete some of the test movements, like performing a squat, without holding onto the exam table for support. AR 922. Haynes reported that she experienced pain during the exam and that her symptoms flared significantly in the days following the exam due to the physical exertion required of her. AR 961. The Court finds that this additional information weighs against Dr. Elendu's conclusion that Haynes's condition is not inhibiting her functionality. Dr. Elendu observed physical manifestations of Haynes's condition. Finding that Haynes could perform tasks while in pain, followed by a decline in health in the following days, is inconsistent with finding that Haynes is not disabled and could work a full time job; these results are in fact more consistent with the findings of Dr. Uselton that full time work is not possible because Haynes would need to either take breaks or not work consecutive days

and will experience pain during the work day. The Court finds that, in spite of Dr. Elendu's conclusion, the information in the record indicates that Haynes's condition is affecting her functionality and prevents her from performing her duties as an insurance agent.

The Court, reviewing the evidence before it de novo, finds that the medical evidence in the administrative record weighs in favor of Haynes and supports the conclusion that she is disabled. Weighing the evidence provided by both Haynes and Principal Life, the Court finds that it is more likely than not that Haynes's chronic illness renders her unable to perform the duties of an insurance agent, making her disabled under the meaning of her insurance policy with Principal Life. Therefore, Haynes has carried her burden to show that she is disabled and owed benefits under the Policy.

### B. Haynes's Subjective Reports of Pain Support the Finding That Haynes Is Disabled

The administrative record is replete with Haynes's self-reports of her pain level and symptoms. Principal Life argued in its trial brief that these reports of pain are subjective, not supported by objective findings, and are therefore unreliable. The Court disagrees.

First, as discussed above, there is evidence in the record consistent with Haynes's reports of pain. Furthermore, Haynes's self-described pain cannot be disregarded merely because it is self-reported. *See Schexnayder v. CF Indus. Long Term Disability Plan*, 553 F.Supp.2d 658, 667 (M.D. La. 2008) (citing *Audino v. Raytheon Co. Short Term Disability Plan*, 129 F. App'x 882, 885 (5th Cir.2005). Pain cannot always be objectively quantified, and the Fifth Circuit has previously faulted an administrator for "focus[ing] on [ ] tests, rather than the pain and its effect[.]" *Audino*, 129 F. App'x at 885 (quoting *Lain v. UNUM*

*Life Ins. Co.*, 279 F.3d 337, 347 (5th Cir. 2002) (overruled on other grounds)). While a Court is not required to accord any special weight to an individual's self-reported pain, especially in the face of controverting objective evidence, self-reports of pain cannot and should not be ignored.

Haynes was under the care of several doctors for worsening pain for ten years before her eventual diagnosis. AR 321. Haynes reported worsening pain and fatigue to her doctors and has described worrying symptoms that worsen when she exerts herself. AR 833-34. Haynes describes her symptoms as "debilitating" and states that the pain she experiences doing simple tasks like reaching and typing has "brought [her] to tears multiple times a day." *Id.* Haynes's self-described symptoms include weakness, pain, muscle ache, fever, and other "flu-like" symptoms that are exacerbated by even mere activities of daily living. *Id.* The Court finds that Haynes's self-reported pain and other symptoms are indicative of her inability to perform her occupation and support a finding that she is disabled.

The unfortunate reality of many chronic illnesses and disabilities that cause pain is that pain is difficult to objectively verify. Pain cannot be easily externally measured, and pain does not easily register in medical testing. In the Fifth Circuit, an individual's own reports regarding their pain level cannot be disregarded merely because they are reported by the individual rather than measured by a doctor. Haynes's reported symptoms are debilitating and leave her unable to perform even tasks associated with sedentary work without being in pain. Haynes's pain level should be taken into account when considering

her ability to perform her occupation, and the Court finds that due to her chronic pain she cannot perform the duties of an insurance agent.

Accordingly, the Court, reviewing the evidence before it de novo, finds that Haynes's self-reported pain supports the conclusion that she is disabled. The Court finds that it is more likely than not that Haynes's pain from her condition renders her unable to perform the duties of an insurance agent, making her disabled under the meaning of her insurance policy with Principal Life. Haynes has therefore carried her burden to show that she is disabled and owed benefits under the Policy.

### C. The Conclusions of the Social Security Administration Support the Finding That Haynes Is Disabled

In a social security administrative proceeding, Administrative Law Judge Christopher Van Dyck concluded that Haynes was disabled, unable to perform her occupation as an insurance agent, and entitled to Social Security Disability benefits. AR 319-22. While this conclusion is not binding on this Court, this Court does find it persuasive and finds that it supports the Court's conclusion that Haynes is disabled.

Judge Van Dyck, upon reviewing largely the same medical evidence as is presently before the Court, determined that Haynes was disabled by her condition and could not perform the work of an insurance agent. AR 321-22. Judge Van Dyck noted that both Haynes's subjective pain reports and the objective tests and opinions provided by Haynes's treating physicians indicated that her condition caused her serious pain and fatigue that left her incapable of performing her job duties. AR 321. Judge Van Dyck also opined that Haynes's long work history and reports of the other ways her illness has diminished her

quality of life indicate that she is being truthful and would still be working if able. AR 322. The Court agrees.

While the standard for a social security proceeding is different than the one at hand, Judge Van Dyck addressed the ability of Haynes to perform her occupation due to her condition and associated symptoms. Judge Van Dyck's decision is not binding on this Court, but the Court does find persuasive the fact that Judge Van Dyck found Haynes to be unable to perform her occupation. Accordingly, the Court considers the opinion of Judge Van Dyck an additional circumstance that weighs in Haynes's favor and supports the conclusion that she is disabled under the meaning of the Policy.

## CONCLUSION

Because the preponderance of the evidence shows that Haynes is unable to perform the work required for her occupation as an insurance agent, the Court finds that Haynes meets the criteria for disability under Principal Life's policy and is disabled. Judgment on the record is granted in favor of Plaintiff Angela Haynes. Accordingly, Haynes is entitled to the reinstatement of her benefits.

Signed January 3, 2024.

David C. Godbey
Chief United States District Judge